IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BALDWIN a/k/a YAHYA ABDUL LATIF, and HASHAR MASJID AL, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 12-743 |
| v. | : : | |
| LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP, and CITY of PHILADELPHIA, | : : : : : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**                                                                                             **August 24, 2012**

**I.      INTRODUCTION**

This case is about real property that was sold at a Philadelphia Sheriff's Sale on June 28, 2012. Presently before the Court are Motions to Dismiss filed by the two Defendants: Linebarger Goggan Blair & Sampson, LLP ("Linebarger") (Doc. No. 11) and the City of Philadelphia (Doc. No. 25). Plaintiffs filed a Response in Opposition to Linebarger's Motion to Dismiss (Doc. No. 19), and Defendant Linebarger filed a supplemental Memorandum in Support of its Motion (Doc. No. 24).

Plaintiffs John Baldwin a/k/a Yahya Abdul Latif ("Baldwin") and the Hashar Masjid Al[1] ("the Masjid") commenced this action on February 13, 2012 against Defendants Linebarger and

---

[1] In the Complaint, the name of the Masjid is referred to as "Hashar Masjid Al." (Doc. No. 3.) Elsewhere in the record, the Masjid is referred to as "Masjid al Hashar." (See, e.g., Doc. No. 7 at 1.) For purposes of this Opinion, the mosque will be referred to as "Masjid al Hashar" or "the Masjid."

1

the City of Philadelphia. (Doc. No. 1.) In the Complaint, Plaintiffs seek to overturn the decision of the Philadelphia Court of Common Pleas to sell the property on which the Masjid is located at a Sheriff's Sale. (Doc. No. 3.) On July 3, 2012, this Court held a hearing on the Motion filed by Defendant Linebarger.[2] (Doc. No. 23.) For reasons that follow, Defendants' Motions to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction will be granted.

## II.   FACTUAL BACKGROUND

John Baldwin is the Iman, or religious leader, of the Masjid al Hashar, which is an Islamic religious organization based in Philadelphia, Pennsylvania. (Doc. No. 3 at 3.) From 1990 to 2011, Baldwin owned the property on which the Masjid is located at 2823 N. 22nd Street.[3] (Doc. No. 3; Doc. No. 7 at 1.) According to the Complaint, Baldwin applied for, but was not granted, a religious building exemption which would have released the owner of the property from paying real estate taxes to the City. (Id.) Baldwin claims that he first applied for tax exempt status in 1990, but "[a] while ago I found out that [the] City did not process my request nor was I able to respond right away[,] but I did re-enter my request of tax exemption with the City." (Id.)

Since 1990, tax payments for the property have not been made to the City of Philadelphia. (Doc. No. 3 at 3.) Every six months, Baldwin received from the City notification of the

---

[2]   The City of Philadelphia filed a Motion to Dismiss on August 15, 2012. In its Motion to Dismiss, the City makes arguments similar to those made by counsel for Linebarger at the July 3, 2012 hearing.

[3]   Plaintiffs have submitted documentation showing that on March 3, 2011, Baldwin sold the property in fee simple to the Masjid. (Doc. No. 7.)

outstanding taxes owed on the property.  (Id.)  Despite these notices, he did not pay the property tax due and instead claims that he "re-entere[ed] [a] request of tax exemption."  (Id.)

To satisfy the unpaid taxes owed on the property, Linebarger, on behalf of the City, commenced proceedings to sell the property at Sheriff's Sale.  (Doc. No. 3 at 3; Doc. No. 25, Ex. 1.)[4]  According to Baldwin, "[A]fter all my request[s] and pleading to City officials[,] [the] property was sold to a law firm who in turn seeks recovery of the taxes owed via Sheriff's Sa[le]."  (Doc. No. 3 at 3.)  Baldwin further alleges, "The way I was treated was beyond belief and being a disabled vet on a fixed income made my recovery [of] said property impossible."  (Id.)

On January 7, 2008, Linebarger filed a Petition for Rule to Show Cause why the property located at 2823 N. 22nd Street should not be sold free and clear of all liens and encumbrances.  (Doc. No. 11-2 at 1; Doc. No. 25, Ex. 1.)  On April 1, 2008, notice of the Show Cause Petition was posted on the property.  (Doc. No. 11, Ex. B at 2.)  Soon thereafter, on April 17, 2008, Baldwin was served with a copy of the Petition.  (Doc. No. 11, Ex. B at 1.)  Plaintiffs did not file an answer or responsive pleading to the Petition.  (See Doc. No. 25, Ex. 1.)  On June 19, 2008, a Judge of the Court of Common Pleas entered an Assessment of Damages Order and Decree Ordering that the Property be Sold at Sheriff's Sale.  (Doc. No. 11, Ex. C; Doc. No. 25, Ex. 1 at

---

[4] Both Defendants have attached as exhibits to their Motions to Dismiss documents filed of public record in the related proceeding before the Court of Common Pleas of Philadelphia County.  (Doc. No. 11, Exs. 4-7; Doc. No. 25, Ex. 1.)  In deciding a motion to dismiss, a court may properly consider the complaint, exhibits attached thereto, documents referenced therein, matters of public record, and undisputably authentic documents if the complainant's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010); Kernaghan v. BCI Communications, Inc., 802 F. Supp. 2d 590, 593 n.2 (E.D. Pa. 2011).  Because the exhibits attached to the Motions to Dismiss filed by Linebarger and the City are matters of public record, the Court will consider these documents in deciding the instant Motions to Dismiss.

4.) Baldwin was notified of the pending sale by first class mail on June 15, 2009. (Doc. No. 11, Ex. D.)

The sale of the property was initially delayed because Baldwin filed for bankruptcy. On July 22, 2009, Baldwin filed for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Philadelphia. See In re Yahya Abdul Latif, No. 09-15346 (Bankr. E.D. Pa. 2009). This matter was dismissed on September 10, 2009 for failure to provide certain information.[5] Id. On October 21, 2009, Baldwin filed a second petition for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. See In re Yahya Abdul Latif, No. 09-18004 (Bankr. E.D. Pa. 2009). This second petition was dismissed on April 30, 2010 for failure to make plan payments. Id.

On March 27, 2010, a stay was entered in the proceeding before the Court of Common Pleas of Philadelphia. (Doc. No. 25, Ex. 1 at 5.) The stay was lifted on January 24, 2012, when Baldwin again received notification that the property would be sold at Sheriff's Sale. (Doc. No. 11, Ex. D; Doc. No. 25, Ex. 1 at 5.) The property did not sell at the next sale. Therefore, on May 17, 2012, Baldwin received further notice that the property would be sold at a June 28, 2012 Sheriff's Sale. (Doc. No. 25, Ex. 1 at 5.) On June 28, 2012, the property was sold. (Doc. No. 25 at 4; Doc. No. 25, Ex. 1 at 5.)

As noted, on January 24, 2012, Baldwin received notice that the property would be sold at

---

[5] Pursuant to a July 22, 2009 order issued by the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Baldwin was required to submit the following documents that were missing from his July 22, 2009 bankruptcy petition: Certification Concerning Credit Counseling and/or Certificate of Credit Counseling; a "Matrix List of Creditors"; a Chapter 13 Plan; and a Pro Se Statement. See In re Yahya Abdul Latif, No. 09-15346 (Bankr. E.D. Pa. 2009) (July 22, 2009 order setting forth deadlines for Baldwin to complete his bankruptcy petition).

Sheriff's Sale. (Doc. No. 3 at 3; Doc. No. 11, Ex. E.) Plaintiffs then filed the Complaint in this Court on February 13, 2012, alleging that the property should have been deemed exempt from property tax assessment for religious reasons and that the City erred in not processing the applications for tax exempt status. (Doc. No. 3 at 3.) As relief, Plaintiffs seek "the opportunity to retain [the] property and have it recognized as a holy Masjid that is tax exempt[.]" (Doc. No. 3 at 5.) They also seek "a true and honest investigation into the required request process when seeking exemption on tax relief[.]" (Id.)

As noted above, on April 18, 2012, Linebarger filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 11.) On August 15, 2012, the City of Philadelphia also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 25.)

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to grant a motion to dismiss if the court lacks subject-matter jurisdiction to hear a claim. Rule 12(b)(1) states:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>     (1) lack of subject-matter jurisdiction . . . .

Fed. R. Civ. P. 12(b)(1). Challenges to subject-matter jurisdiction under Rule 12(b)(1) may be either facial or factual. See In re Schering Plough Corp. Intron/Termodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). "Facial attacks, like those presented in this case, contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Walthour v. Herron, No. 11-1690, 2011 WL 1325981, at *2 (E.D. Pa. Apr. 7, 2011) (quotations omitted); see also Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257

(3d Cir. 2009). "A party asserting that the court has jurisdiction always bears the burden of showing that the case is properly before the court." Birchall v. Countrywide Home Loans, Inc., No. 08-2447, 2009 WL 3822201, at *4 (E.D. Pa. Nov. 12, 2009) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).

## IV.   DISCUSSION

The gravamen of the Complaint asks the Court to intervene in the property tax collection procedures of the City of Philadelphia. Plaintiffs claim that the property should have been deemed exempt for religious reasons from being assessed property taxes. Plaintiffs also argue that their constitutional rights have been violated because the property was being used for religious purposes. These arguments are unpersuasive. For the reasons discussed below, the Complaint will be dismissed.

The "Tax Injunction Act," 28 U.S.C. § 1341, prohibits the Court from intervening in the manner sought by Plaintiffs. The Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. Under the Act, "'taxpayers are barred by the principle of comity from asserting [challenges of] the validity of state tax systems in federal courts' so long as 'plain, adequate, and complete' remedies are available in state court." Hill v. Carpenter, 323 F. App'x 167, 170 (2009) (quoting Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981)). The Third Circuit has explained:

> Taken together, the Tax Injunction Act and the Supreme Court's decision in McNary make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes . . . if a sufficient remedy . . . is available in

state court.

Hill, 323 F. App'x at 171 (internal citation and quotations omitted).  In Hill, the Third Circuit further stated, "This Court repeatedly has held that the Pennsylvania state courts provide a 'plain, speedy, and efficient' remedy for challenges to a county's assessment of real property taxes." Id. (quoting Gass v. County of Allegheny, 371 F.3d 134, 137-38 (3d Cir. 2004)).

In light of the above, the Court cannot exercise jurisdiction over Plaintiffs' claims. Plaintiffs filed the Complaint in this Court to prevent the Sheriff's Sale of the property at 2823 N. 22nd Street.  Because the process of a Sheriff's Sale is part of the tax assessment and collection procedure of the City of Philadelphia, a federal district court is not the proper forum to litigate these claims.  In addition, Plaintiffs ask the Court to conduct an "investigation into the required request process when seeking exemption on tax relief." (Doc. No. 3 at 5.)  To the extent that Plaintiffs claim that they sought relief from the Office of Property Assessment (Doc. No. 3 at 3), this Court again is not the appropriate forum to examine the procedures established by the Office of Property Assessment to review applications for tax exempt status.

Under the Tax Injunction Act, a critical factor to consider is whether there are sufficient procedures in place through which a party may challenge a county's assessment of taxes.  Such is the case here. Once the City commenced proceedings in the Court of Common Pleas of Philadelphia County to collect the delinquent taxes owed in accordance with the assessments, Plaintiffs had several state court remedies available to them and chose not to avail themselves of those remedies.  They could have:  (1) filed an answer to the January 7, 2008 tax petition; (2) filed a motion in state court to stay the Sheriff's Sale; (3) requested that the state court vacate the June 18, 2008 Assessment of Damages Order and Decree; or (4) filed a motion to set aside or

void the June 28, 2012 Sheriff's Sale.  Plaintiffs chose not to pursue these remedies and instead filed the instant case in federal court almost four years after the City commenced the action in state court.  Accordingly, the Tax Injunction Act prevents this Court from granting Plaintiffs the relief requested.

In the interest of comity between state and federal court, see Hill, 323 F. App'x at 170, it would be improper for this Court to exercise jurisdiction over Plaintiffs' claims.  This Court will not intervene in the legal procedures in place through which the City of Philadelphia assesses and collects taxes and permits challenges to those tax assessments.  Additionally, the Court cannot review the application process that was available to Plaintiffs in seeking a religious exemption for the Masjid.  Accordingly, the Complaint must be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[6]

An appropriate Order follows.

---

[6] To the extent that Plaintiffs claim that their religious rights have been violated because they believe that the City should have exempted the property from being assessed real estate taxes because it was used for religious purposes, the state court, not the federal court, is the proper forum for Plaintiffs to seek relief on this claim.  See Gass v. County of Allegheny, 371 F.3d at 141 (affirming a district court's decision to decline to exercise subject-matter jurisdiction over claims that a county's tax procedures were unconstitutional, holding "[w]here the state forum is adequate, parties may assert their constitutional claims in state court.").